UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

WING SHING PRODUCTS (BVI) CO. LTD.,     :

                      Plaintiff,   :

    - against -                            :   06 CV 3522

SUNBEAM PRODUCTS, INC. and              :
SIMATELEX MANUFACTORY CO., LTD.,
                                 :

                  Defendants.
                                 :
- - - - - - - - - - - - - - - - - -x

RECEIVED MAY 09 2006 U.S.D.C. S.D.N.Y. CASHIERS

COMPLAINT

Plaintiff Wing Shing Products (BVI) Co. Ltd. ("Wing Shing"), for its complaint against defendants Sunbeam Products, Inc. ("Sunbeam") and Simatelex Manufactory Co., Ltd. ("Simatelex"), avers:

Nature of the Action

1.  Wing Shing is bringing this action to enforce its rights in its United States Patent No. Des. 348,585 (the "Design Patent") against defendants' acts of infringement with respect to the models of coffeemakers known as the AR Series, the MR. COFFEE COMMERCIAL and any substantially similar model.

Jurisdiction and Venue

2.  This Court has subject matter jurisdiction over the claims for relief in this action pursuant to 28

U.S.C. § 1331 and § 1338(a) because they arise under the Patent Act, 35 U.S.C. § 101 et seq.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## Parties

4.  Wing Shing is a corporation organized and existing under the laws of the British Virgin Islands with a place of business in Hong Kong.

5.  Upon information and belief, Sunbeam is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Boca Raton, Florida.

6.  Upon information and belief, Simatelex is a corporation organized and existing under the laws of Hong Kong with its principal place of business in Hong Kong.

## A FIRST CLAIM FOR RELIEF
(Direct Patent Infringement -- 35 U.S.C. § 271(a))

7.  Wing Shing repeats the allegations contained in Paragraphs 1 through 6 above as if set forth in full.

8.  The Design Patent concerns a novel ornamental design for a coffee maker. It was issued duly and lawfully to the inventor, John C.K. Sham, on July 12, 1994.

9. Mr. Sham assigned the Design Patent to Wing Shing by agreement dated as of June 10, 1996.

10. The Design Patent is valid and enforceable.

11. Wing Shing previously asserted a counter-claim against Sunbeam for infringement of the Design Patent, with respect to the model of coffeemakers known as the AD Series, in an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York, entitled <u>Sunbeam Products, Inc. v. Wing Shing Products (BVI) Ltd</u>. In a decision dated June 3, 2003, and reported at 293 B.R. 586, the Bankruptcy Court held after a trial that Sunbeam had infringed the Design Patent, and entered judgment accordingly. This Court by decision dated June 29, 2004, and reported at 311 F.Supp.2d 378, and the United States Court of Appeals for the Federal Circuit, by decision dated August 24, 2005 and reported at 153 Fed. Appx. 703, affirmed that judgment of the Bankruptcy Court. The Supreme Court of the United States denied on or about January 9, 2006 the petition of Sunbeam for a writ of certiorari.

12. Wing Shing has asserted a claim against Simatelex in this Court with respect to the model of

coffeemaker known as the AD Series, 01 Civ. 1044 (RJH). That action remains pending.

13. Sunbeam and Simatelex have nevertheless infringed, and continue to infringe, the Design Patent by their sales of coffee makers known as the AR Series, the MR. COFFEE COMMERCIAL and substantially similar models.

14. Wing Shing will suffer irreparable harm in the absence of a preliminary and permanent injunction restraining further sales of these infringing models.

15. Wing Shing is entitled to a monetary recovery from Sunbeam and Simatelex, including but not limited to the greater of its damages or their total profits from the infringement.

16. Sunbeam's design patent infringement was willful. Accordingly, Wing Shing is entitled to recover three times its damages or defendants' total profits, whichever is greater, plus costs including attorneys' fees.

A SECOND CLAIM FOR RELIEF
(Actively Inducing Infringement -- 35 U.S.C. § 272(b))

17. Wing Shing repeats the allegations contained in Paragraphs 1 through 16 above as if set forth in full.

18. Upon information and belief, with actual or constructive knowledge of the Design Patent, Simatelex has

actively induced Sunbeam and/or one or more of Sunbeam's affiliates to infringe the Design Patent.

19. Wing Shing will suffer irreparable harm in the absence of a preliminary and permanent injunction restraining further infringing acts.

20. Wing Shing is entitled to a monetary recovery from Simatelex, including but not limited to the greater of the damages of Wing Shing or the total profits of Simatelex from the infringement.

21. Simatelex's design patent infringement was willful. Accordingly, Wing Shing is entitled to recover three times its damages or the total profits of Simatelex, whichever is greater, plus costs including attorneys' fees.

WHEREFORE, Wing Shing demands judgment:

A. Preliminarily and permanently enjoining defendants, their officers, directors, employees, and attorneys and all those acting in concert with them, from infringing the Design Patent in violation of 35 U.S.C. § 271;

B. Awarding Wing Shing its damages and/or defendants' total profits from its infringement of the Design Patent;

5

C.   Awarding Wing Shing treble damages;

D.   Awarding Wing Shing its costs of this action including its reasonable attorneys' fees; and

E.   Granting such other and further relief as to this Court seem just and proper.

Dated: New York, New York
       May 9, 2006

                PERKINS & DUNNEGAN

By *William Dunnegan*
William Dunnegan (WD9316)
Megan L. Martin (MM4396)
Attorneys for Plaintiff
  Wing Shing Products
  (BVI) Co. Ltd.
45 Rockefeller Plaza
New York, New York 10111
(212) 332-8300